**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
*Richmond Division*

| | |
|---|---|
| IN RE: | Case No. 09-33095-KRH |
| Michael Douglas Deane a/k/a Michael D. Deane | |
| Tammy T. Deane | |
|     Debtor(s) | Chapter 13 |

_____

HSBC Mortgage Services, Inc.
    Movant

v.

Michael Douglas Deane a/k/a Michael D. Deane
Tammy T. Deane
    Debtor/Respondent

and
Carl M. Bates
    Trustee/Respondent

_____

**CONSENT ORDER MODIFYING AUTOMATIC STAY**

This matter was before the court on July 30, 2010 on the motion of HSBC Mortgage Services, Inc., for relief from the automatic stay with respect to the real property located at 12100 Bigelow Road, Midlothian, VA  23112 and more particularly described as follows:

ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND WITH THE IMPROVEMENTS THEREON AND APPURTENANES THERETO BELONGING, LYING AND BEING IN CHESTERFIELD COUNTY, VIRGINIA, KNOWN AND DESIGNATED AS LOT 1, BLOCK H, SECTION B, GENITO ESTATES, ALL AS SHOWN ON SUBDIVISION PLAT ENTITLED "GENITO ESTATES, SECTION B", DATED JUNE 11, 1971, MADE BY J.K. TIMMONS AND ASSOCIATES, CIVIL ENGINEERS, RECORDED JUNE 12, 1971, IN PLAT BOOK 18, PAGES 35 AND 36 IN THE CLERK'S OFFICE, CIRCUIT COURT, CHESTERFIELD COUNTY, VIRGINIA, TO WHICH PLAT REFERENCE IS HEREBY MADE FOR A MORE PARTICULAR DESCRIPTION. BEING THE SAME REAL ESTATE CONVEYED TO MICHAEL DOUGLAS DEANE AND TAMY T. DEANE, HUSBAND AND WIFE, AS TENANTS BY THE ENTIRETY WITH THE RIGHT OF SURVIVORSHIP AS AT COMMON LAW, BY DEED FROM LAWRENCE R. MULDOON AND MARCIA R. MULDOON, DATED AUGUST 24, 2004, RECORDED SEPTEMBER 17, 2004, IN THE CLERK'S OFFICE, CIRCUIT

Stephen B. Wood, VSB #26518
8100 Three Chopt Road, Suite 240
Richmond, VA  23229
(804) 282-0463
*Attorney for the Movant*

COURT, CHESTERFIELD COUNTY, VIRGINIA IN DEED BOOK 5970, PAGE 120.,

Upon consideration of which, it is

**ORDERED:**

1.      The debtor will resume making regular monthly installment payments in the amount of $2,408.84 (subject to adjustment due to interest rate changes or escrow changes) as they become due commencing on August 21, 2010.  Late payments will include applicable late charges in the amount of $0.00 (subject to change due to adjustments of the monthly principal and interest payment).

2.      The debtor will cure the post-petition arrearage currently due to the movant through July 21, 2010 in the total amount of $10,163.70, which includes late charges, deferred late charges, filing fees and attorney's fees, by making a payment to the Movant for the full amount of the post-petition arrearage due ($10,163.70) within thirty (30) days of the entry of this order.

3.      In the event that any payment required by this order is not received by the movant within 15 days after it is due, the movant may mail a notice of default to the debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the debtor.  The notice of default will state in simple and plain language:

      a.      That the debtor is in default in making at least one payment required under this order;

      b.      The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;

      c.      The action necessary to cure the default, including any address to which payments must be mailed;

      d.      That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
          i.      cure the default;
          ii.      file an objection with the court stating that no default exists; or
          iii.      file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;

      e.      That if the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtor; and

      f.      That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the debtor or trustee files an objection, the movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee.  At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4.      The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order.  In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5.      Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6.      The automatic stay is modified to permit the noteholder or servicing agent to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7.      Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the movant shall be entitled to reasonable attorneys fees in the amount of $50.00 for issuance of a notice of default, and an additional $50.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

Richmond, Virginia

Date: __Sep 10 2010_____          /s/ Kevin Huennekens_____
                                    _____
                                    United States Bankruptcy Judge

                                    Entered on Docket: ___09/13/2010_____

**WE ASK FOR THIS:**

  _/s/ Stephen B. Wood_

Stephen B. Wood, VSB #26518

Bierman, Geesing, Ward & Wood, LLC

8100 Three Chopt Road, Suite 240

Richmond, VA  23229

(804)282-0463 (phone)

(804)282-0541 (facsimile)

*Counsel for the Movant*

**SEEN AND AGREED:**

*/s/ Jason Meyer Krumbein*

Jason Meyer Krumbein, Esq.

1650 Willow Lawn Drive

Suite 300

Richmond, VA  23230

*Counsel for the Debtor*

**SEEN:**

*/s/ Carl M. Bates*

Carl M. Bates, Trustee

P.O. Box 1819

Richmond, VA 23218

*Chapter 13 Trustee*

<u>**CERTIFICATION**</u>

The undersigned certifies that:

1.      The foregoing Consent Order Modifying Automatic Stay is identical to the form order required by Standing Order No. 10-2 and that no modification, addition, or deletion has been made; and

2.      The foregoing Consent Order Modifying Automatic Stay has been endorsed by or on behalf of all necessary parties and counsel herein pursuant to Local Rule 9022-1

 */s/ Stephen B. Wood*

Stephen B. Wood

Attorney for the Movant

cc:

Bierman, Geesing, Ward & Wood, LLC
8100 Three Chopt Road, Suite 240
Richmond, VA  23229

Jason Meyer Krumbein, Esq.
1650 Willow Lawn Drive
Suite 300
Richmond, VA  23230

Carl M. Bates, Trustee
P.O. Box 1819
Richmond, VA 23218

Michael Douglas Deane a/k/a Michael D. Deane
12100 Bigelow Road
Midlothian, VA  23112

Tammy T. Deane
12100 Bigelow Road
Midlothian, VA  23112

13MODIFY-EDVA

# CERTIFICATE OF NOTICE

```
District/off: 0422-7          User: moreheadd          Page 1 of 1          Date Rcvd: Sep 13, 2010
Case: 09-33095               Form ID: pdforder         Total Noticed: 1


The following entities were noticed by first class mail on Sep 15, 2010.
db/jdb      +Michael D Deane,   Tammy T Deane,   12100 Bigelow Road,   Midlothian, VA 23112-3634

The following entities were noticed by electronic transmission.
NONE.                                                                     TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                     TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Sep 15, 2010**                    **Signature:**    _Joseph Speetjens_